UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-94-GCM

| KEITH L. CURETON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| UNNAMED DEFENDANT, et al., | ) | **ORDER** |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 4]. The Plaintiff is proceeding in forma pauperis. [Doc. 12].

I.     BACKGROUND

The pro se incarcerated Plaintiff initiated this civil rights action by filing a Complaint in letter form in the United States District Court for the Eastern District of North Carolina. [Doc. 1]. The Eastern District ordered the Plaintiff to correct several deficiencies, and the Plaintiff filed the instant Amended Complaint pursuant to 42 U.S.C. § 1983. [Doc. 4]. He addresses incidents that allegedly occurred on February 23, 2024 at the Alexander Correctional Institution where he still resides. The case was then transferred to this Court where venue lies. [Doc. 8]. The Amended Complaint is now before this Court for initial review.

The Plaintiff names as Defendants in their individual and official capacities: FNU Honeycutt and FNU Duncan, wardens; Joshua Sigmon and FNU Madcalf, unit managers; FNU Puckett, a sergeant; and FNU Davids and FNU Rangler, correctional officers. He asserts Eighth Amendment claims for subjecting him to unconstitutional conditions of confinement and for deliberate indifference to a serious medical need regarding an incident that allegedly occurred on

February 23, 2024, when the Plaintiff cut himself in a dirty shower on the restrictive housing unit. [Id. at 5-6]. For injury, he claims:

> I got cut on a piece of steel that had FECES on it. Now my body might seriously be infected with a Dieseas. As of right now my body is locking up. I got a Deep Cut on my side and arm. I was physically injured.

[Doc. 4 at 7] (errors uncorrected). He seeks compensatory and punitive damages, and a jury trial. [Id. at 1, 7].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was

committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 4 at 6 (referring to "Unit Managers Mr. Becker, and Ms. Scully")]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 4 at 5 (referring to "floor officers" and "they"]. The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). These claims are also nullities insofar as they refer to individuals not named as defendants in the caption as discussed *supra*. The allegations that are not attributed to a Defendant, or which refer to non-parties, are therefore dismissed without prejudice.

3

The Plaintiff purports to sue the Defendants, who are prison officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities for damages do not survive initial review and will be dismissed with prejudice.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The

4

Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler, 989 F.2d at 1381.

An official acts with deliberate indifference if he had actual knowledge of a prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "Mere delay is … not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective prong requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto, 841 F.3d at 225). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298.

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Here, the Plaintiff does not make any factual allegations about Defendants Duncan, Sigmon, or Madcalf's alleged involvement in the incidents of February 23, 2024 whatsoever. The claims against them fail the most basic pleading requirements and they will be dismissed without prejudice. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F. 3d at 201-02.

The Plaintiff claims that Defendant Puckett knew that there was feces in the shower because, "when they arrive to work they are given a brief of what happen during the day…." [Doc. 4 at 5]. The Plaintiff does not allege that Defendant Puckett was personally involved in the incidents at issue, and he appears to rely on respondeat superior. Accordingly, the claims against Defendant Puckett will be dismissed without prejudice.

The Plaintiff claims that he would not have been on the restrictive housing unit where he was injured had Defendant Honeycutt not "plac[ed] a fake write-up on [him]" on February 20, 2024. [Id.]. This claim is too attenuated to plausibly allege that Honeycutt had any personal

6

involvement in the Eighth Amendment allegations at issue.[1] Accordingly, the claims against Defendant Honeycutt are dismissed without prejudice.

As to Defendants Davids and Rangler, the Plaintiff alleges that: they deliberately placed him in a shower that they knew was "not clean;" Plaintiff cut himself in the shower on a piece of steel that was contaminated with feces, sustaining a "deep cut" on his side and arm; Plaintiff reported the incident to Rangler, showed him a towel with blood on it, told him that he needed to see medical "to be screened," and asked Davids and Rangler to get Defendant Puckett; and Davids refused to summon a sergeant or to take Plaintiff to medical. [Doc. 4 at 5-7].

The Plaintiff's claim that he was placed in a shower with feces on a single occasion is not sufficiently serious to state a plausible Eighth Amendment claim. See Jones v. Solomon, 90 F.4th 198, 209-10 (4th Cir. 2024) (recognizing that "*acute* exposure to sewage and severe deprivations of articles of personal hygiene violate[] the Eighth Amendment") (emphasis added); Whitmore v. Western Reg'l Jail, 2019 WL 3756396 (S.D. W.Va. July 19, 2019) (noting that cases where conditions have been found to be objectively serious "generally involve either prison officials acting deliberately in creating the unsanitary conditions, the conditions lasting for an extended and unreasonable amount of time, or both"). The Plaintiff also fails to plausibly allege that Defendants Davids and Rangler knew that briefly placing him in a shower that was "not clean" posed a substantial risk of serious harm, or that any serious or significant physical or emotional injury resulted. See id. Accordingly, the Plaintiff's Eighth Amendment claim regarding the dirty

---

[1] It does not appear that the Plaintiff seeks to assert a separate claim regarding the disciplinary issue. Such a claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff's contention that the disciplinary charges are false would necessarily call into question the two disciplinary convictions that the Plaintiff received on February 20, 2024 for "DISOBEY ORDER" and "LOCK TAMPERING." See https://webapps.doc.state.nc.us/opi/viewoffenderinfractions.do?method=view&offenderID=0731419&listpage=1&listurl=pagelistoffendersearchresults&searchOffenderId=0731419&searchDOBRange=0&obscure=Y (last accessed May 14, 2024; Fed. R. Ev. 201; see also Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to prison disciplinary convictions). Nor is it clear that such a claim could proceed in the same action as the instant Eighth Amendment claims. See generally Fed. R. Civ. P. 18, 20.

shower will be dismissed without prejudice.

Nor has the Plaintiff stated a plausible Eighth Amendment claim for deliberate indifference to a serious medical need. It is unlikely that the cuts that the Plaintiff sustained from a dirty piece of metal in a shower is sufficiently serious medical condition to satisfy the objective element of his deliberate indifference claim. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (affirming finding of "no serious medical needs" where pretrial detainee had cut over one eye, a quarter-inch piece of glass in palm, and was required to wait fourteen hours before being given treatment); Shelton v. Angelone, 148 F. Supp. 2d 670, 679 (W.D. Va. 2001) (finding that three cuts on the wrist, which were bleeding, and two sets of marks from a stun gun were not serious medical needs, even though plaintiff did not get treatment until days later and the injuries left permanent scars). The Plaintiff's disagreement with officers regarding whether immediate medical screening was warranted, is insufficient. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (reaffirming that disagreements between a prisoner and medical staff regarding what treatment is needed fall short of showing deliberate indifference). Further, the Plaintiff does not explain how he was harmed by the lack of immediate medical attention. The Plaintiff has, therefore, failed to state a plausible claim for deliberate indifference to a serious medical need and it is dismissed without prejudice.

**IV.     CONCLUSION**

In sum, the Plaintiff has failed to state a claim against any Defendant and the Amended Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted.  Any Second Amended Complaint will be subject to all timeliness and

procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file a superseding Second Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 4] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims against the Defendants in their official capacities for damages are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have **thirty (30) days** in which to file a superseding Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to file a Second Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**   Signed: May 20, 2024

Graham C. Mullen
United States District Judge