# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:24-cv-94-GCM

KEITH L. CURETON, )
)
Plaintiff, )
)
vs. )
)
UNNAMED DEFENDANT, et al., )            **ORDER**
)
Defendants. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's "Emergency Matter … Please Put a Stop to this Transfer to Maury Prison…"[1] [Doc. 21].

The *pro se* incarcerated Plaintiff initiated this civil rights action by filing a Complaint in letter form in the United States District Court for the Eastern District of North Carolina. [Doc. 1]. The Plaintiff then filed an Amended Complaint on a correct form [Doc. 4], and the case was transferred to this Court where venue lies. [Doc. 8]. This Court dismissed the Amended Complaint on initial review and granted the Plaintiff the opportunity to amend. [Doc. 13]. The Second Amended Complaint has not yet been reviewed for frivolity. [Doc. 15; see also Doc. 16 (Motion to Appoint Counsel)].

The Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, asks the Court to prevent him from being transferred back to the Maury Correctional Institution where he fears life-threatening retaliation for his past tort litigation. He contends that he previously requested a transfer away from Maury CI which was "acknowledged" by "the courts" in a letter

_____

[1] The Plaintiff is reminded to request relief from the Court by filing a "Motion." [See March 28, 2024 Standing Order]. In future, letters and other miscellaneous filings will not receive a response and may be stricken.

on November 20, 2023, and that he was transferred away from Maury CI on November 22, 2023 "due to the seriousness of [his] filing complaint."[2] [Doc. 21 at 1]. He asks the Court to research a prior § 1983 action that he filed in the Eastern District of North Carolina, Case No. 5:22-ct-3318, and to enter an order preventing the North Carolina Department of Adult Corrections ("NCDAC") from transferring him back to Maury CI.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Moreover, a prisoner has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); see, e.g., Olim v. Wakinekona, 461 U.S. 238, 246 (1983) ("Overcrowding and the need to separate particular prisoners may necessitate interstate transfers."); O'Bar v. Pinion, 953 F.2d 74, 83 (4th Cir. 1991) ("Changes in [a] prisoner['s] location ... are matters contemplated within the scope of his original

---

[2] The Plaintiff has not attached copies of the relevant documents to his present filing, and the Court was unable to locate them in a review of his federal litigation. It appears, to the contrary, that the Plaintiff's prior requests to be transferred away from the Maury CI have been unsuccessful. See, e.g., 5:21-ct-3372-BO (E.D.N.C.), Doc. 25 at 1-2 (denying Plaintiff's motion to be transferred away from Maury CI for medical treatment); 5:22-ct-3318-D, Docs. 25, 30 (E.D.N.C.) (granting Plaintiff's motion for a transfer and other pending motions only insofar as he was allowed to amend his complaint, then dismissing the case and the motions for lack of prosecution); 5:22-ct-3329-BO, Doc. 17 (E.D.N.C.) (denying Plaintiff's motion for preliminary injunctive relief alleging gang violence and retaliation).

sentence to prison."). NCDAC has the broad discretion to designate an inmate's place of incarceration and the Court declines to interfere in this matter of prison administration. Id. For all of these reasons, the Plaintiff's present request will be denied.

**IT IS, THEREFORE ORDERED** that the Plaintiff's "Emergency Matter … Please Put a Stop to this Transfer to Maury Prison…" [Doc. 21] is construed as a Motion for Preliminary Injunctive Relief and it is **DENIED**.

Signed: December 23, 2024

Graham C. Mullen
United States District Judge